IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JODI MORGAN, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No: |
| KROGER LIMITED PARTNERSHIP I, d/b/a RULER FOODS, INC., | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. §§ 1453(b), Defendant Kroger Limited Partnership I, d/b/a Ruler Foods ("KLP I" or "Defendant") removes this action from the Circuit Court of the Second Judicial Circuit, Richland County, Illinois to the United States District Court for the Southern District of Illinois. As explained below, this putative class action is subject to the Court's jurisdiction under 28 U.S.C. § 1332(d)(2) because minimal diversity exists and the amount placed in controversy by the putative class members' claims exceeds $5,000,000.

**Overview of the Claims Asserted and Relief Sought**

1.      Plaintiff Jodi Morgan's complaint contains three claims that she brings on behalf of a putative class. (Copies of all process and pleadings served on Defendant are attached as **Exhibit A**). In her claims, she alleges Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.* because it allegedly collected, captured, stored, obtained, used, and/or disseminated its employees' fingerprints without: (a) informing them of the specific purpose and length of time for which their fingerprints were collected and stored; (b) making publicly available a retention schedule and policy for destroying their fingerprints; and (c) obtaining a written release in which they authorized Defendant to collect, capture, store, and/or

use their fingerprints. (Cplt. ¶¶32-42, 47-50). Plaintiff purports to bring the claims on behalf of the following putative class:

> All individuals working for Ruler Foods in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period. (Cplt. ¶57).

2.  Plaintiff alleges three separate violations of BIPA, and asks the Court to award "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1)." (Cplt., Prayer for Relief, ¶C).

## Basis for the Court's Jurisdiction Under CAFA

3.  CAFA amended 28 U.S.C. § 1332 to grant United States district courts original jurisdiction over "any civil action:" (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and (b) which is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." This case meets all the requirements for jurisdiction under CAFA and 28 U.S.C. § 1332(d)(2).

**A.   This matter is a "class action" under CAFA.**

4.  A "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff seeks to bring BIPA claims on behalf of "[a]ll individuals working for Ruler Foods in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained, maintained, stored or disclosed

by Defendant during the applicable statutory period." (Cplt. ¶57). Hence, this action is a "class action" under CAFA.

**B.      The requirement of minimal diversity is met.**

5.      Minimal diversity exists. Plaintiff is a citizen of the State of Illinois. (Cplt. ¶15). Defendant is not a citizen of the State of Illinois. Neither are its partners.

6.      A corporation "shall be deemed ... a citizen of every [s]tate ... by which it has been incorporated and of the [s]tate ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters...." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

7.      A limited partnership has the citizenship of each of its partners or members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 207 (1990) (holding that a limited partnership has the citizenship of each of its partners, whether general or limited); *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57, 58 (7th Cir. 1996) (a limited partnership has the citizenships of each partner, general and limited). In cases involving a limited partnership, "only the partners' or members' citizenships matter." *West v. Louisville Gas & Electric Co.*, 951 F.3d 827, 829 (7th Cir. 2020). If any partner in a limited partnership is itself a partnership or limited liability company, the identity of the members of those entities must be traced until a natural person or corporation is reached. *Id.*

8.      The application of this framework here is straightforward because KLP I has just two partners, both of which are corporations. Specifically, KLP I's two partners are The Kroger Co. ("Kroger") and KRGP, Inc. ("KRGP").

9.      Kroger is an Ohio corporation that is headquartered in Cincinnati, Ohio. (*See* Kroger corporate record, attached as **Exhibit B**). KRGP also is an Ohio corporation that is

headquartered in Cincinnati, Ohio. (*See* KRGP corporate record, attached as **Exhibit C**). As a result, Kroger and KRGP are citizens of Ohio for purposes of diversity and CAFA jurisdiction. Because KLP I, a limited partnership, has the same citizenship as its partners, KLP I is a citizen of Ohio for purposes of diversity and CAFA jurisdiction.

10. Plaintiff, by contrast, is a citizen of the State of Illinois. (Cplt. ¶15).

11. Minimal diversity therefore exists under 28 U.S.C. § 1332(d)(2)(A). *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity existed such that court had CAFA jurisdiction because the class representatives were citizens of Illinois, while the defendant was a Delaware corporation with its principal place of business in Arizona).

**C.    The "matter in controversy" aggregated across all the class members' claims meets the CAFA threshold.**

12. The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . ." 28 U.S.C. § 1332(d)(6). Plaintiff has not alleged the exact amount of damages she seeks on behalf of the putative class under BIPA. However, based on the allegations contained in the complaint, it is clear that the complaint seeks class-wide relief that exceeds $5,000,000.

13. KLP I, doing business as Ruler Foods, currently has an estimated 249 employees who clock in and out of Illinois stores using a timeclock with finger scanners. KLP I, doing business as Ruler Foods, has an estimated 233 former employees who used timeclocks with finger scanners since October 2, 2019.[1] Thus, the putative class contains 482 members. Defendant denies

---

[1] Defendant maintains that the statute of limitations for BIPA claims is one year under the defamation-privacy statute, 735 ILCS § 5/13-201.

that its timeclock system collects or captures or previously collected or captured biometric identifiers or biometric information as BIPA defines those terms. Defendant denies that Plaintiff or the putative class members can establish violations of BIPA or are entitled to relief under the statute.

14. Nonetheless, the aggregate value of the alleged BIPA claims of the current and former employees exceeds $5,000,000. In three separate counts, Plaintiff alleges three different BIPA violations, which allegedly collectively entitle Plaintiff and each putative class member to $15,000 in liquidated damages under BIPA, plus attorneys' fees. (Cplt. ¶¶75, 84, 94) (requesting an award of $5,000 in liquidated damages for each reckless or intentional violation of BIPA under 740 ILCS § 14/20). A total of 482 class members times $15,000 in liquidated damages per class member is $7,230,000. Therefore, the matter-in-controversy threshold under 28 U.S.C. § 1332(d)(2) is met.

## Procedure for Removal

15. Defendant was served with process on October 26, 2020. Defendant filed this notice within thirty days of that date. Thus, this notice is timely.

16. Defendant also has already or will file this notice of the removal with the Circuit Court of the Second Judicial Circuit, Richland County, Illinois in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted:

Kroger Limited Partnership I, d/b/a Ruler Foods, Inc.

By: /s/ Joseph D. Kern
One of its attorneys

Diane Webster
Peter E. Pederson
Joseph D. Kern
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
(312) 704-3000 Phone
(312) 704-3001 Fax
dwebster@hinshawlaw.com
ppederson@hinshawlaw.com
jkern@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on November 25, 2020, he electronically filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below. The undersigned also caused a copy of this document to be sent to counsel identified below by email and U.S. Mail.

Counsel for Plaintiff Jodi Morgan
Ryan F. Stephan, Esq.
Haley R. Jenkins, Esq.
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
(312) 233-1550 (T)
(312) 233-1560 (F)
rstephan@stephanzouras.com
hjenkins @stephanzouras.com

/s/ Joseph D. Kern