IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JODI MORGAN, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No: 3:20-cv-01270 |
| KROGER LIMITED PARTNERSHIP I, d/b/a RULER FOODS, INC., ) ) ) ) | |
| Defendant. ) | |

## **DEFENDANT'S MOTION TO STAY THIS PROCEEDING**

Defendant Kroger Limited Partnership I, d/b/a Ruler Foods, Inc. ("Defendant"), through its undersigned counsel, respectfully requests that the Court stay this proceeding until the Illinois Supreme Court decides the appeal in *McDonald v. Symphony Bronzeville Park LLC* and the Illinois Appellate Court decides the appeals in *Tims v. Black Horse Carriers, Inc.*, *Marion v. Ring Container Technologies*, and *Watson v. Legacy Healthcare Financial Services, LLC*. In support of this motion, Defendant states a follows:

## **INTRODUCTION**

A ruling in favor of the defendant in *McDonald* or the defendants in *Tims* or *Marion* would disposes of Plaintiff's BIPA claims in their entirety. Thus, staying this matter until the Illinois Supreme Court and Illinois Appellate Court rule in such cases is a "sound exercise of [judicial] discretion." *Zoot v. Alianz Group, Inc.*, 2016 IL App (1st) 160013-U, ¶ 19. Over sixty courts throughout Illinois (both state and federal) have agreed and have stayed BIPA cases pending rulings in *McDonald*, *Tims*, and/or *Marion*. See **Exhibit A**; *see also Miller v. Jerry Erwin Associates LLC*, No. 21-cv-01043 (C.D. Ill. Feb. 22, 2021); *Wilson v. Am. Stair Corp. Inc.*, No. 20-cv-07321 (N.D. Ill. Feb. 22, 2021).

Very recently, in a well-reasoned opinion, Honorable Charles P. Kocoras of the Northern District of Illinois stayed a BIPA case pending a ruling in *McDonald*. *See Jones v. IAS Logistics DFW, LLC*, No. 19-cv-2510, Dkt. 74 (N.D. Ill. Apr. 27, 2021) attached as **Exhibit B**. Judge Kocoras, when he granted the stay, stated: "the Court exercises its judicial experience and common sense to stay this case pending the Illinois Supreme Court's resolution of *McDonald* . . . because the Illinois Supreme Court's decision is likely to be dispositive" of the plaintiff's claims. *Id*. at 3.

This Court should follow Judge Kocoras—and the more than sixty other courts that have stayed BIPA actions pending rulings in *McDonald*, *Tims*, and/or *Marion*—and stay this matter.

## BACKGROUND

Plaintiff Jodi Morgan ("Plaintiff") filed this putative class action on October 2, 2020, in which she alleges Defendant violated the Biometric Information Privacy Act ("BIPA"). In particular, she alleges she worked for Defendant as a cashier beginning in September 2019. Compl., ¶43. She alleges Defendant "required" her to clock in and out each workday using the timeclock at issue in this action, which she alleges conducted a scan of his finger. Compl., ¶3, ¶44, ¶46. She further alleges Defendant did not obtain a written release from her before it allegedly first scanned her finger and/or disclosed her biometric information in violation of BIPA. *See generally* Compl. She also alleges Defendant "failed to develop or adhere to a written, publicly-available policy identifying its retention schedule and guidelines for permanently destroying employees' biometric data when the initial purpose for collecting or obtaining their biometrics is no longer relevant" in violation of BIPA. Compl., ¶36. Based on these allegations, she alleges Defendant violated Sections 15(a), (b), and (d) of BIPA. *See generally* Compl.

BIPA is a privacy statute, so Defendant maintains that the one-year privacy statute of

limitations set forth in 735 ILCS 5/13-201 applies to Plaintiff's claims. Defendant further maintains that BIPA claims accrue the first time an employee uses an alleged biometric timeclock.[1] Because Plaintiff first used the time clock at issue on or before September 30, 2019 (i.e., the last day of September 2019), her instant claims accrued on or before that day. They thus expired one-year later on September 30, 2020 (at the latest). Plaintiff did not file this action until October 2, 2020—after her claims became time-barred. But the question of which statute of limitations applies to BIPA claims and the question of when BIPA claims accrue are on appeal in the Illinois Appellate Court as matters of first impression. A stay thus is warranted until the Illinois Appellate Court rules on these issues.

Defendant also maintains that the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.*, bars Plaintiff's instant claims because the IWCA provides the exclusive remedy for employees' workplace injuries—including Plaintiff's alleged injuries. This issue, however, is on appeal before the Illinois Supreme Court in *McDonald v. Symphony Bronzeville*. A stay thus is warranted until the Illinois Supreme Court rules on this issue.

## ARGUMENT

A "district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019). In evaluating whether to grant a motion to stay, courts consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the

---

[1] Illinois trial courts have agreed. *See Watson v. Legacy Healthcare Financial Services, LLC* (Cook Cty., June 10, 2020); *Robertson v. Hostmark Hospitality Grp., Inc.* (Cook Cty., Jan. 27, 2020); *Robertson v. Hostmark Hospitality Grp., Inc.* (Cook Cty., May 29, 2020).

burden of litigation on the parties and on the court." *Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *1 (N.D. Ill. 2020).

Applying these principles here is straightforward. If the Illinois Appellate Court in *Marion* or *Tims* adopts the one-year statute of limitations, *or* the Illinois Supreme Court rules that the IWCA preempts BIPA claims by employees in the *McDonald* appeal, that would effectively end this case. In the meantime, staying this matter until the courts rule in *McDonald*, *Tims*, and/or *Marion* allows the parties and court to avoid the burden of continuing to litigate this costly class action—while not unduly prejudicing Plaintiff or the putative class members. *See* Ex. B (*Jones*) (holding that the plaintiff and putative class members faced no prejudice from a stay pending *McDonald* and/or that any purported prejudice was "too speculative"). At a minimum, the rulings in *McDonald*, *Tims*, and *Marion* would simplify and/or streamline this action because they would provide appellate level authority to questions this Court inevitably would have to answer through a motion for judgment on the pleadings or motion for summary judgment brought by Defendant.

I. **This Court Should Stay This Matter Because Pending BIPA Appeals Could Dispose Of Plaintiff's Claims In Their Entirety.**

   A. **The Pending Appeals In *Tims*, *Marion*, And/Or *Watson* Require A Stay.**

No Illinois court of appeals or federal court of appeals has issued a ruling on which statute of limitations applies to BIPA claims, including Plaintiff's instant claims. The question of whether a one-year or five-year statute of limitations applies to BIPA claims is up on appeal before the Illinois Appellate Court as a matter of first impression. And so is the question of whether BIPA claims accrue the first time an employee uses a timeclock or each subsequent use.

In *Tims v. Black Horse Carriers, Inc.*, the Illinois Appellate Court for the First District currently is considering a fully briefed interlocutory appeal as to whether a one-year or five-year

4

statute of limitations applies to BIPA claims. The trial court in *Tims* stayed that matter pending a ruling from the Illinois Appellate Court on the statute of limitations issue.

Likewise, in *Marion v. Ring Container Technologies*, the Illinois Appellate Court for the Third District also is considering the question of which statute of limitations applies to BIPA claims.

*Tims* and *Marion* involve interlocutory appeals pursuant to Illinois Supreme Court Rule 308. Rule 308(a) provides that "[w]hen the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved." S. Ct. Rule 308(a). Applying Rule 308(a)'s standard, the Illinois Appellate Court found that the question of which statute of limitations applies to BIPA claims is subject to a "substantial ground for difference of opinion." This is why, at least in part, the court accepted the appeals in *Tims* and *Marion* and highlights the uncertainty as to which statute of limitations applies to BIPA claims. The rulings in *Tims* and/or *Marion* will eliminate this uncertainty.

In *Watson v. Legacy Healthcare Financial Services, LLC*, the trial court held that BIPA claims accrue the first time an employee uses a timeclock. *Watson v. Legacy Healthcare Financial Services, LLC* (Cook Cty., June 10, 2020). The plaintiff appealed the trial court's ruling on the accrual issue and filed a notice of appeal on March 12, 2021. Accordingly, the issue of when BIPA claims accrue is now on appeal before the Illinois Appellate Court as a matter of first impression.

5

In sum, the Illinois Appellate Court will decide which statute of limitations applies to BIPA claims in *Tims* and *Marion* and when BIPA claims accrue in *Watson*. The outcomes of these appeals directly affect this case. In fact, a ruling in favor of the defendant in *Tims* or *Marion* could entirely dispose of Plaintiff's instant claims.

Plaintiff first used the timeclock at issue in this action on September 30, 2019—at the latest. Plaintiff did not file this action until October 2, 2020—more than one year after she first used the timeclock at issue. As such, which statute of limitations applies to BIPA claims and when such claims accrue are all at issue in this case and are threshold issues. The holdings in *Tims*, *Marion*, and/or *Watson* on these issues could entirely dispose of Plaintiff's claims. For instance, if the Illinois Appellate Court in *Tims* or *Marion* holds that a one-year statute of limitations applies to BIPA claims and also affirms the trial court's holding in *Watson* that BIPA claims accrue the first time an employee uses a timeclock, Plaintiff's instant claims fail as a matter of law in their entirety. Plaintiff cannot dispute this. Accordingly, a stay is warranted until the Illinois Appellate Court rules in *Tims*, *Marion*, and/or *Watson*.

**B.     The Pending Appeal In *McDonald* Before The Illinois Supreme Court Requires A Stay.**

The IWCA provides the exclusive remedy for employees' workplace injuries. 820 ILCS 305/1 *et seq*. Importantly, the IWCA bars employees from separately suing their employers for workplace injuries. *Id*. The IWCA's exclusivity provision states that:

> No common law or statutory right to recover damages from the employer . . . for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act . . .

820 ILCS 305/5(a).

The IWCA created a system where "in exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations on recovery for injuries and occupational diseases arising out of and in the course of employment." *Folta v. Ferro Eng'g*, 2015 IL 118070, 397 Ill. Dec. 781, ¶ 12 (2015). "As part of this 'balancing,' the [IWCA] further provides that the statutory remedies under it shall serve as the employee's exclusive remedy if he sustains a compensable injury." *Cooley v. Power Constr. Co., LLC*, 2018 IL App (1st) 171292, ¶ 12.

Here, Plaintiff alleges she worked for Defendant. *See generally* Compl. Her alleged injuries relate to Defendant's alleged requirement that she clock in and out each workday using the timeclock at issue in this action. Compl., ¶3, ¶44, ¶46. They thus are workplace injuries and Defendant thus maintains the IWCA bars Plaintiff's instant claims.

In a matter of first impression, and in a purely discretionary decision, the Illinois Supreme Court accepted the appeal of the Illinois Appellate Court's holding in *McDonald* and will now decide if the IWCA bars BIPA claims brought by an employee against his or her employer—as Defendant maintains. If the Illinois Supreme Courts holds that it does, such a holding will dispose of this entire action. This warrants a stay—and more than sixty courts have agreed. *See* Ex. A; *see also Miller v. Jerry Erwin Associates LLC*, No. 21-cv-01043 (C.D. Ill. Feb. 22, 2021); *Wilson v. Am. Stair Corp. Inc.*, No. 20-cv-07321 (N.D. Ill. Feb. 22, 2021).

Very recently, on April 27, 2021, the court in *Jones* stayed in a BIPA case pending *McDonald*. *See* Ex. B (*Jones*). The court in *Jones* explained one cannot "predict" how the Illinois Supreme Court will rule in *McDonald*. *Id*. In particular, the court in *Jones* stated as follows when it granted a stay in that case:

> **if the Illinois Appellate Court's conclusion [in *McDonald*] were truly so firm, what need would there be for the Illinois**

> **Supreme Court to take up the case**? And why would at least several Illinois Supreme Court justices feel a need to clarify something that was already pellucidly clear? Ultimately, the Illinois Supreme Court **must be hinting** at something. *Id*. at 2-3 (emphasis added).

> we ultimately conclude that the Illinois Supreme Court's decision to take up the case **provides a compelling reason to doubt that the Illinois Appellate Court stated the law correctly**. *Id*. at 2 (emphasis added).

> the Court exercises its judicial experience and common sense to stay this case pending the Illinois Supreme Court's resolution of *McDonald*. We do so because the Illinois Supreme Court's decision is likely to be dispositive in the Court's determination of Pinnacle's Motion to Dismiss, which is based on whether Plaintiff's claims are preempted by the Illinois Workers' Compensation Act ("IWCA"). *Id*. at 3.

This Court should follow the *Jones* court and the more than sixty other courts throughout Illinois that have stayed BIPA cases pending *McDonald*—and stay this case.

**III.  Defendant Would Face Hardship, Inequity, And Prejudice If The Court Denies A Stay Whereas Plaintiff Would Suffer No Hardship, Inequity, Or Prejudice If The Court Grants A Stay.**

Plaintiff stopped working for Defendant in April 2020. Compl., ¶43. As a result, she faces no risk of continued harm and no prejudice from a stay. At least one court has agreed. *See* Ex. B (*Jones*) (holding that the plaintiff faced no prejudice from a stay pending *McDonald*).

Moreover, and to the extent Plaintiff speculatively argues a stay potentially makes it more difficult to locate class members or conduct discovery due to the potential threat of spoliation of evidence as time passes, courts have rejected such arguments. *See* Ex. B (*Jones*) (holding such argument as an insufficient to deny a stay); *see also Larson v. Trans Union, LLC*, 2015 U.S. Dist. LEXIS 83459, *23 (N.D. Cal. 2015) (finding that "it is implausible that a one-year delay" will make people difficult to locate, especially where the opponent "provides no specific facts or reasoning that indicate otherwise.").

8

Additionally, any potential claim by Plaintiff of prejudice to herself or to the putative class members is unfounded. Plaintiff filed the instant class action complaint on October 2, 2020 based on her alleged use of the timeclock at issue beginning in September 2019. After allowing more than a year to pass before filing her instant class action complaint, Plaintiff cannot object to staying this matter while the related appeals are decided. This is especially true because the *Tims* appeal is fully briefed and the *McDonald* appeal nearly is fully briefed. This means a stay here would not be indefinite (nor long).

In comparison to the lack of prejudice to Plaintiff and the putative class, the hardship potentially imposed upon Defendant in this situation is readily apparent. Discovery and litigation carry significant costs—most of which fall on Defendant in a class action (and Defendant has already incurred significant costs conducting discovery to date in this action). *Limestone Development Corp. v. Village of Lemont, Illinois*, 520 F.3d 797, 803 (7th Cir. 2008) ("the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim."); *Jones v. Weis*, 2009 U.S. Dist. LEXIS 49754, *5 (N.D. Ill. 2009) ("[t]he more complex the case and more costly the potential discovery, the more detail that will be required to satisfy the plausibility requirement"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief should, however, be resolved before discovery begins" and "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided").

All of the costs associated with continue to litigate this class action may be completely unnecessary depending on the results of *McDonald*, *Tims*, and/or *Marion*. A ruling in favor of the defendants in any of those cases entirely disposes of this matter. Plaintiff cannot dispute this.

Therefore, the need for a stay to avoid undue hardship to Defendant vastly outweighs any potential prejudice to Plaintiff (and as explained above, there is none). The court in *Jones* recognized this undue hardship under nearly identical circumstances and stayed that BIPA class action to "avoid [the] substantial prejudice" to the defendant if the Illinois Supreme Court holds the IWCA bars BIPA claims against employers. Ex. B at 3. In short, if the Court denies Defendant's request for a stay, and if the defendants prevail in *McDonald*, *Tims*, or *Marion*, Defendant will in effect have been forced to defend itself against a non-meritorious claims.

## CONCLUSION

For the foregoing reasons, the Court should stay this matter pending rulings in *McDonald*, *Tims*, *Marion*, and/or *Watson*.

Respectfully submitted:

Kroger Limited Partnership I, d/b/a Ruler Foods, Inc.

By: */s/ Joseph D. Kern*

Diane E. Webster
Peter E. Pederson
Joseph D. Kern
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
(312) 704-3000 Phone
(312) 704-3001 Fax
dwebster@hinshawlaw.com
ppederson@hinshawlaw.com
jkern@hinshawlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 7, 2021, he electronically filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below.

<u>Counsel for Plaintiff Jodi Morgan</u>
Ryan F. Stephan
Haley R. Jenkins
James B. Zouras
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
(312) 233-1550 (T)
(312) 233-1560 (F)
rstephan@stephanzouras.com
hjenkins@stephanzouras.com
jzouras@stephanzouras.com

*/s/ Joseph D. Kern*