IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JODI MORGAN, <br><br> Plaintiff, <br><br> v. <br><br> KROGER BUSINESS PARTNERSHIP I <br> d/b/a Ruler Foods, Inc., <br><br> Defendant. | Case No. 3:20-CV-01270-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Stay (Doc. 27) filed by Defendant Kroger Business Partnership I ("Kroger"). For the reasons set forth below, the Court grants the Motion to Stay.

### FACTUAL & PROCEDURAL BACKGROUND

This action was originally filed in the Circuit Court of Richland County, Illinois, on October 2, 2020, with Plaintiff Jodi Morgan seeking damages from Kroger on behalf of a class of plaintiffs from whom Kroger allegedly collected biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. § 14/1 *et seq.* (Doc. 1-2). Kroger removed the action to this Court on November 25, 2020 (Doc. 1). Kroger argues as a defense to liability that as BIPA is a privacy action, the one-year privacy statute of limitations set forth in 735 Ill. Comp. Stat. § 5/13-201 should apply to BIPA claims. Kroger argues that Plaintiffs' claims accrued on or before September 30, 2019, and thus the statute of limitations would have elapsed on September 30, 2020 (Doc. 27 at 2-3).

Kroger also argues that the Illinois Workers' Compensation Act ("IWCA"), 820 Ill. Comp. Stat. §§ 305/1 *et seq.*, bars this action because the IWCA provides the exclusive remedy for workplace injuries such as the unlawful collection of biometric information alleged here.

Kroger now seeks to stay this action, pending the outcome of several cases in Illinois state courts which could determine when BIPA claims accrue, which statute of limitations should apply to BIPA cases, and whether the IWCA bars suit.[1]

## ANALYSIS

District courts have broad discretion to control their own dockets and may stay proceedings to avoid unnecessary litigation. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019). Considering whether to stay an action "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In evaluating whether to grant a motion to stay, courts consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *1 (N.D. Ill. 2020).

Here, Morgan has not opposed the motion to stay, so the Court can conclude that the stay will not be unduly prejudicial to her. As to whether the stay will truly simplify

---

[1] *McDonald v. Symphony Bronzeville Park LLC*, Case No. 126511, is pending before the Illinois Supreme Court, while *Tims v. Black Horse Carriers, Inc.*, *Marion v. Ring Container Technologies*, and *Watson v. Legacy Healthcare Financial Services, LLC* are pending before an Illinois Appellate Court.

issues and reduce the burden of delay, the matter is less clear—trial courts in several of the actions that Kroger points to have rejected the arguments that Kroger hopes to rely on (Doc. 27-1 at 24). There appears to be a significant possibility that the state cases raised in the pending motion will not foreclose this action, and that a stay will merely result in delay. Other federal courts, however, have already ordered stays in several similar BIPA actions pending the outcome of these Illinois cases,[2] and the undersigned is inclined to follow suit, particularly as Morgan does not oppose the stay.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion to Stay (Doc. 27).

**IT IS SO ORDERED.**

**DATED:** July 6, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] *E.g.*, *Bell v. SDH Services West, LLC*, 20-cv-3181 (N.D. Ill. Aug. 27, 2020); *Vaughan v. Biomat USA, Inc.*, 20-cv-4241 (N.D. Ill. Oct. 23, 2020).